Chief Justice R ibertson
delivered the opinion of the Goii-t.
As the jury might have inferred from the evidence, that the slave sold in Tennessee, by the plaintiff in error, was the property of the fate, and as it cannot be material whether the plain *498 tiff claimed the slave in his own right or as admirfe istrator in Kentucky, therefore, the only point pre* sented for consideration is, whether or not an administrator appointed in Kentucky, to administer t¡ie assets cf ari intestate who was domiciled and who died in this state, slioukl he lielci liable in a suit against him here, by a creditor of the intestate, for the price of a slave, the property of the intestate in Tennessee, hut afterwards sold by the administrator. On thiispoint the circuit court instructed the jury affirmatively, and verdict and judgment were rendered accordingly against the administrator, who is the plaintiff in error.
Monroe, for plaintiff; Haggin and Sanders, for defendant.
We concur with the circuit court. The plaintiff, -as administrator, a< cording to the common law, was entitled to the slave of his intestate wherever that slave might have been; and it-is said in VI Co. a. that if an executor-hath goods-in any .part of the world, he shall be charged with them. How an administrator may obtain the possession of goods °f his intestate, in a foreign country, depends on the comity of the foreign state; and if, by the laws Gf the foreign government, he be prohibited from taMng or appropriating such goods, he will not be liable for them. But as the plaintiff did obtain possession of the slave, the money for which he sold him, should be deemed assets in his hands in Kentucky, especially as no law of Tennessee, or other fact inconsistent with such a-legal -deduction, lias ^een shown or can be presumed.
Wherefore, the judgment is affirmed.